JOSE SIBRIAN CORTEZ
REG No 92543-079
F.C.I.M. BEAUMONT
P.O. BOX 26040
BEAUMONT, TX. 77720

United States District Court
Southern District of Texas
FILED

2

**JAN 1 6 2001**

Michael N. Milby
Clerk of Court

IN THE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA, §
        Plaintiff, §
                § Criminal No. B̶-̶9̶9̶-̶1̶9̶2    *B-00-112*
v              § Civil No. **B-01-008..**
                §
                §
JOSE SIBRIAN CORTEZ    §
        Defendant, §
_____ §

MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT

OF PETITIONER'S APPLICATION FOR POST CONVICTION

RELIEF PURSUANT TO TITLE 28 U.S.C. § 2255

**COMES NOW,** Jose Sibrian Cortez, acting in Propia Persona, (Hereinafter referred to as the **Petitioner**) and in support of his application for post Conviction Relief pursuant to Title 28 U.S.C. § 2255 hereby states as follows:

1.    Petitioner Jose Sibrian Cortez is currently confined in Federal Prison at F.C.I. BEAUMONT Medium, in Beaumont,TX., as a result of the instant conviction and sentence.

2.    The facts set forth in the § 2255 from are incorporated by reference herewith as if set forth at length hereat and vice-versa.

**JURISDICTION**

3.    Jurisdiction is invoked in this court pursuant to Title 28 U.S.C. § 2255, which endows the sentencing court with jurisdiction to review a Federal

CNPDF - www.foxio.com

Prisoner's challenge to his conviction and sentence. **Hill** v **U.S.**, 368 U.S. 424, 426 (1962); **Fay** v **Noia**, 372 U.S. 391, 399-40 (1963).

### EVIDENTIARY HEARING

4.   Section § 2255 provides the primary means of collateral attack on a federal sentence. Relief under this Section is warranted for any error that occured at or prior to sentencing. **Cox** v **warden Federal Detention Center**, 911 F.2d 1111, 1113, **(5th Cir. 1990)** (internal quotations ommited). A § 2255 *Motion* requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. **United States** v **Bartholomev**, 974 F.2d 39,41 (5th Cir. 1992). A Petitioner may barred from raising claims for the first time on collateral review unless he demonstrate cause for failing to raise the issue on direct appeal and actual prejudice resulting form that error. **United States** v **Shaid**, 937 F. 2d 228, 232 (5th Cir. 1991) (en banc) (citations omitted). If the error is not of constitutional magnitude, the defendant can show that the erro could not have been raised of direct appeal, and if condoned would result in a complete miscarriage of justice. **United States** v **Pierce**, 959 F.2d 1297 1301 (5th Cir.) cert denied, 113 S.Ct. 621 (1992). Petitioner here meets the required criteria for an evidentiary hearing, and it is so prayed that the Court grant same.

### STATEMENT FOR PRO SE MOVANT.

5.     Movant is a pro se and pauperis petitioner. Due to his indigency, he cannot afford employing counsel to assist him in filing the pleadings in this cause. Movant is benitghted in the Law and criminal intricacies, is partially illeterate and speaks very poor English, therefore, prays the Court review his

CutePDF - www.texiio.com

Pleadings more liberally and subject him not to the same rigorous standards than those motions drafted and filed by professional advocators. see **Haines v Kerner**, 92 S.Ct. 594 (1972). and that movant's claims of legal substance be not forfeited for failure to state same with technical precision or for lack of proper syntax. see **S.E.C. v Elliot**, 953 F.2d 1560 (11th Cir. 1992); **Watts v Graves**, 729 F.2d 1416 (5th Cir. 1983) (Pro Se pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them.)

This motion is filed by movant through the assistance of a Writ Writer Inmate pursuant to **Johnson v Avery**, 393 U.S. 483 (1969).

The 1987 Sentence Reform Act., left intact 28 U.S.C. § 2255 for defendants and/or petitioners to collaterally attack their illegally obtained imposed conviction and sentence **United States v Jordan**, 915 F.2d 622 (11th Cir. 1990).

## CONSTITUTIONAL INJURIES

6.      The inquiry in the instant matter is one of purely constitutional nature. This petitioner shall address the Fifth and Sixth Amendment violations suffered by this petitioner as they apply to **DENIAL OF CONSTRUCTIVE ASSISTANCE OF COUNSEL.**

## PROCEDURAL DUE PROCESS

7.      Procedural Due Process as to intensive review of the Constitutional violations enumerated herein is paramount.

8.      The thrust theme set forth herein is extremely complex. A hearing must be held into the matters enumerated herein in order to properly ascertain, the deficient representation of Petitioner's trial attorney.

9.      The role of a hearing is paramount, as once these issues are laid to rest by this court, Petitioner Jose Sibrian Cortez, is forever foreclosed from litigating in the future.

On April 24, 1996 President Clinton, signed into law the **Anti—Terrorism and Effective Death Penalty Act [AEDPA].** This law essentially created a **ONE SHOT AT THE BULISEYE** rule as to Post Conviction, Habeas Corpus Review.

10. If The Constitutionality of the **AEDPA FROM A PROCEDURAL DUE PROCESS STANDPOINT IS ARGUED HEREIN** as an adjunct to the main themes regarding the other Constitutional injuries inflicted upon this petitioner.

11. If the Court refused to hold a hearing into the matters alleged herein, then the procedural due process rights of the petitioner will be violated. The new construction of AEDPA as it related to 2255's are essentially a stanglehold on Federal Inmates. Especially when viewed from the paradigm that most 2255's are crafted by untrained inmates, and sub-category to the issue, and perhaps even more exigent is the fact that in today world, the greater of English, let alone grasp of legal language. thus, hearings are no longer an exception to the rule, they have assumed the status of being the Rule. An important Rule. A procedurally paramount Rule.

**STATEMENT OF CASE AND FACTS**

Defendant Jose Sibrian Cortez, is the subject of a single count indictment filed by a Federal Gran Jury on March 14, 2000, in Brownsville, Texas. He is charged as follows: Count One (1) Alien unlawfully found to be in the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The federal public defender was appointed to represent defendant for all purposes.

On April 20, 2000, defendant Cortez ( hereinafter referred to as Sibrian Cortez ) appeared before United States District Judge Filemon B. Vela and entered a pleas of guilty to a single count indictment. There is no plea agreement in this case.

—4—

The Court accepted the defendant's guilty plea, ordered a presentence investigation report, and set sentencing for June 28, 2000.

On July 18, 2000, the Honorable Judge Filemon B. Vela sentenced the defendant to serve 77 months in the custody of the B.O.P., to be followed by a three year term of supervised release. The Court did not impose a fine but it assessed a mandatory $ 100 special assessment.

## The offense conduct:

On February 25, 2000, United states Border Patrol Agent Vasquez encountered a male individual hiding in a brushy area near Sarita Texas. It appeared he was attempting to elude the United states Border Patrol Checkpoint in Sarita, Texas. He was indentified as Jose Sibrian Cortez. Agent detained Sibrian Cortez and transpoeted him to the checkpoint for further questioning and investigation. Defendant admitted he was a citizen of el Salvador and had entered the U.S. illegally by wading across the Rio Grande River. A subsequent immigration and criminal record check revealed that defendant was subsiquently deported following a conviction for an aggravated felony.

## ISSUES PRESENTED FOR REVIEW

### GROUND ONE:

FIFTH AMENDMENT CONSTITUTIONAL RIGHT WAS VIOLATED WHEN DEFENDNAT RIGHTS TO SEEK AND CONSULT CONSULAR OFFICIALS AT THE SALVADOR CONSULATE UNDER THE VIENNA CONVENTION WERE VIOLATED.

### GROUND TWO:

PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT CRUCIAL STAGES OF THE PROCEEDINGS, INCLUDING BUT NOT LIMITED TO, PRETRIAL, PLEA NEGOCIATIONS: AND SENTENCING: DUE TO COUNSEL"S FAILURE TO MOVE FOR DISMISSAL OF THE INDICTMENT IN VIOLATION OF PETITIONER"S FIFTH AND SIXTH AMENDMENTS RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION.

CutePDF - www.texlio.com

**GROUND TWO:**

> PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT CRUCIAL STAGES OF THE PROCEEDINGS, INCLUDING BUT NOT LIMITED TO, PRETRIAL, PLEA NEGOCIATIONS, AND SENTENCING, DUE TO COUNSEL'S FAILURE TO MOVE FOR DISMISSAL OF THE INDICTMENT IN VIOLATION OF PETITIONER'S FIFTH AND SIXTH AMENDMENTS RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION.

**GROUND THREE:**

> PETITIONER FIFTH AMENDMENT CONSTITUTIONAL RIGHT OF DUE PROCESS WAS VIOLATED BY A SENTENCING COURT BY DETERMINING TITLE 8 U.S.C. § 1326, BUT MERELY A SENTENCING ENHANCEMENT. ?

**GROUND FOUR:**

> WHETHER PETITIONER'S PRISON SENTENCE, WHICH IS WELL ABOVE THE TWO YEAR STATUTORY MAXIMUM AUTHORIZED BY 8 U.S.C. § 1326(a), IS ILLEGAL BECAUSE THE INDICTMENT DID NOT ALLEGE THAT PETITIONER WAS PREVIOUSLY CONVICTED OF AN AGGRAVATED FELONY PRIOR TO HIS ILLEGAL RE-ENTRY INTO THE UNITED STATES.

> A.   IN THE STATUTE DESCRIBING CRIMES OF ILLEGAL RE-ENTRY AFTER DEPORTATION, THE PHRASES "SUBSEQUENT TO A CONVICTION FOR COMMISSION OF A FELONY" AND "SUBSEQUENT TO A CONVICTION FOR COMMISSION OF AN AGGRAVATED FELONY" DESCRIBE ELEMENTS OF THE OFFENSE WHICH MUST BE PLEADED BY INDICTMENT AND PROVED BEYOND A REASONABLE DOUBT.

**GOROUND ONE:**

**FIFTH AMENDMENT CONSTITUTIONAL RIGHT WAS VIOLATED WHEN DEFENDANT'S RIGHTS TO SEEK AND CONSULT CONSULAR OFFICIALS AT THE SALVADOR CONSULATE UNDER THE VIENNA CONVENTION WERE VIOLATED.**

Movant asserts that his individual rights to seek and consult consular officials at the Salvador Consulte were violated at the time of his arrest. The arresting authorities did not inform him of his right under the Vienna Convention.

The Vienna Convention on Consular Relations requires an arresting government to notify a foreign national who had been arrested, imprisoned or taken into custody or detention of his right to contact his consul. Vienna Convention on Consular Relations, April 24, 1963 TIAS 6820, 21 U.S.T.77.

In **United States v lombera-Camorlinga,** 170 F. 3d 1241 (9th Cir.1999) the Court of Appeals, Pregerson, Circuit Judge, held that:

> **1. provision of Vienna Convention on consular Relations, national is imprisoned or detained, and requiring disclosure to "Person concerned" of his rights under provision, created right benefitting imprisoned or detained national which national could enforce through American Courts, and 2. remand would be required, for trial court determination whether conceded failure to give required notice prejudiced defendant. Reversed and remanded. Id at 1241.**

As a treaty made under the authority of the United States, the Vienna Convention on Consular Relations is the Supreme law of the Land. US.S.C.A. Const. Art. 6, cl. 2.

Jose lombera-Camorlinga, a Mexican national, was arrested at the Calexico, California port of entry on November 17, 1997, when Customs inspectors searched

of his country of origin, Mexico .

There was a strong lidelihood that the contact would have resulted in assistance to him, in having obtained legal advise to remain silent and to not have incriminated himself. Prejudiced is shown.

In **United States v Calderon-Medina,** **591 F.2d 530 (1979)** the District court in these consolidated appeals dismissed the indictments against Calderon-Medina and Rangel-Gonzalez for illegal re-entry following deportation, a violation of 8 U.S.C. 1326 (1976), because the Immigration and Naturalization Service (INS) had violated at least one of its own regulations in the deportation proceedings. On appeal by the government, the primary issue was whether those violations rendered the deportation unlawful.

The District Court found that in the deportation proceedings th INS had violate 8 C.F.R. § 242.2(e) (1978), which provides: "Every detained alien shall be notified that he may communicate with the Consular or Diplomatic Officers of the country of his nationality." Id at 530.

Prosecution for illegal reentry following deportation would be precluded if aliens could demonstrate prejudiced resulting from regulation violations by the Immigration and Naturalization Service INS in the original deportation and if District court determined that the violations harmed alien's interest in such a way as to affect potentially the outcome of the deportation proceeding it was necessary for aliens to demonstrate prejudice, but not that violation denied Due process or fundamental fairness in the deportation hearings. INS Act, § 276, 8 U.S.C.A. §1326.

The Circuit Court of Appeals for the Ninth Circuit reversed and remanded the consolidated appeals of Calderon-Medina and Rangel-Gonzalez with further

-8-

instructions to the court below to allow the alien the opportunity to demonstrate prejudice resulting from the INS regulations violations.

In **United States** v **Rangel—Gonzalez**, 617 F.2d 529 (1980) the Ninth Circuit Court of Appeals reversed the case ordering dismissal of the indictment, holding that;

> **"Evidence that alien did not know of his right to consult with consular officials, that he would have availed himself of that right had he known of it, and that there was likelihood that contact would have resulted in assistance to him in resisting deportation violation by INS in original deportation, so as to preclude prosecution for illegal entry after deportation. Reversed."**

This matter was before this court as a companion to United States v Calderon—Medina, The Trial Court had dismissed the indictment on the ground that, in the underlying deportation, the INS had failed to advise the defendant of his right to consult with Mexican Consular authorities as require by INS regulation. 8 C.F.R. § 242.2(e) (1979). In the First appeal this court remanded with instructions that the trial court consider whether the violation had prejudiced interest of the defendant protected by the regulation. On remand, after consideration of affidavits submitted on behalf of both the defendant and thegovernment, the trial court found no prejudiced. The matter is now before this court in order to determine whether there was a sufficient showing o fprejudice within the meaning of Calderon Medina. We hold that there was a sufficient showing and reverse the trial court. " Id at 530.

as in **Rangel—Gonzalez, 617 F.2d 529 (1980)** appellant did no know of his right to consult with consular officials. He would have availed himself of that

right had he known of it, and there was likelihood that contact would have resulted in legal assistance to him from his consular officials, and their further legal advise to remain silent and to have avoided self incriminating statements made to the arresting officer. Prejudice is shown.

For the foregoing reasons movant's conviction and sentence should be vacated and the indictment dismissed.

**GROUND TWO:**

> **PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT CRUCIAL STAGES OF THE PROCEEDINGS; INCLUDINGS BUT NOT LIMITED TO, PRETRIAL, PLEA NEGOCIATIONS; AND SENTENCING; DUE TO COUNSEL'S FAILURE TO MOVE FOR DISMISSAL OF THE INDICTMENT IN VIOLATION**
> **OF PETITIONER'S FIFTH AND SIXTH AMENDMENTS RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION.**

The indictment charges that Mr. Jose Sibrian Cortez an alien who had been denied admission , excluded, deported, or removed, or had departed the United States, while and order of exclusion, deportation, or removal was outstanding, and having not obtained the consent of the Attorney General of the United States, for reapplication by the defendant for admission into  the United States, was thereafter found in attempt to reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b).

The Sixth Amendment to the United States Constitution provides, in pertinent part:

> **In all criminal prosecutions, the accused shall enjoy the right... to be informed of the nature and cause of the accusation..... U.S. Const. Amend. VI. the fifth Amendment to the United States Constitution provides, in pertinent part:**
> **"No person shall**
> **be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment o fa Grand**

CSitPDF - www.fasiou.com

> Jury." U.S. Const. Amend. V; see also Fed. R. Crim. P. 7(a)
> (and offense which may be punished by imprisonment for a
> term exceeding one year shall be proscuted by indictment.

To be sufficient and indictment must be a plain, concise, and definite written statement of the essential facts constituting theoffense charged. Fed. R. Crim. P. 7(c)(1). A defective indictment, which fails to give notice or the charge, implicates the Due Process and Double jeopardy Clauses of the Fifth Amendment as well. **Russel v United States**, 369 U.S. 749, 763-64 (1962). "A statutory citation may not stand in the place of the inclusion of an element of the crime." **Uinited States v Campos-Asencio**, 822 F.2d 506-07 (5th Cir. 1987). A requirement that the indictment contain all of the essential elements insures that the grand jury has performed its constitutionally require function in determining whether there is evidence supporting each element of the crime. **United States v Cabrera-Teran** 162 F.3d at 146-47.

Title 8 U.S.C. § 1326, Provides in pertinent part:

> [A]ny alien who
> (1) has been denied admission, excluded, deported, or removal or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in the United States, unless (A) prior to his embarkation at a place outside the United States or his application for admission from foreing contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent......

Shall be guilty an offense againt the United States. 8 U.S.C. § 1326(a)

-11-

CFMPDF - www.fenrina.com

While § 1326 Merely provides " being found " in the United States after removal, it should be interpreted, if possible, to avoid constitutional infirmity. **Screws v United States**, 325 U.S. 91,98 (1945) Thus, the Ninth Circuit has held that a conviction for being found in the United States requires that the defendant commit an act; he must have reentered the United States without the requisite permission. **United States v Ayala**, 35 F.3d 423,426 (9th Cir.1994). ( holding that section 1326 is not prohibited status offense because it required the defendant to commit an act. ) cert denied, 514 U.S. 1019 (1995).

The indi tment is defective because is fails to allege that the defendant had any MENS REA whatsoever, While the statute does not itself contain a mental element this omission is not despositive, the requirements of some MEA REA for a crime is firmly embedded in our common law. **Staples v United States**, 511 U.S. 600–04 (1994); **Loparota v United States**, 471 U.S. 419 426 (1985) AS the court has repeatedly stated:

> **The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transcient notion. It is universal and persisten in mature system of law as belief in freedom of human will and a consequent ability and duty of the normal individual to choose between good and evil.**

**Morissette v United States** , 342 U.S. 246 250 (1952); **Accord Staples** 511 U.S. at 605. Some MEA REA is required for any felony conviction **United States v Andersson**, 885 F.2d 1225 (5th Cir. 1989)en banc citing **Morrissette** 342 U.S. at 250. " Offenses that have no MENS REA are generally disfavored." **Staples** 511 U.S. at 604, citing **Lipatota**, 471 at 426.

CUtePDF - www.tasia.com

The case that have addressed the MENS REA required in prosecution under Title 8 U.S.C. § 1326, have generally focussed on whether the offense requires proof of specific intent. The Fifth Circuit, along with the majority of circuits, has held section 1326 does not required proof of specific intent. In other words, the government need not prove that a defendant knew that he did not have the requisite permission from the Attorney General to return. **United States v Ortegon Uvalde**, 179 F.3d 956 (5th Cir. Cert denied, 120 S.Ct. 433 (1997); **United States v Trevino-Martinez**, 86 F.3d 65,68 (5th Cir. (1996), cert denied 520 U.S. 1105 (1997)** The Fifth Circuit has recognized, however, that the argument for a specific intent requirement is not without force, **Ortegon-Uvalde, 179 F.3d at 959,** and the Seventh Circuit has agreed that a defendant may present a defense that he believed in good faith that he had the necessary consent. **United States v Anton**, 683 F.2d 1011 (7th Cir. 1982). In Anton, the Senventh Circuit rejected the government's contention that immigration offenses are public welfare offenses subject to a strict liability standard. Id at 1015.

> **While the defendant in this case recognizes that this court is bound by Fifth Circuit precedent in order to preserve the issue for further litigation purposes, he respectfully contends that the Seven Circuit is correct in concluding that the government must prove that he knew his conduct was illegal.**

The harshness of the sentence is a significant factor in determining the requite mental state and strict liability is normally permitted only were the penalty is relatively lenient such as in misdemeanor cases. **Staples,** 511 U.S. at 615.

-13-

The petitioner hereby incorporates herein alleging that counsel rendered ineffective assistance of counsel at crucial stages of the proceedings by not moving to dismiss the indictment because it failed to allege any MENS REA or actus reus for the offense as required by the constitution........

**GROUND THREE:**

> PETITIONER FIFTH AMENDMENT CONSTITUTIONAL RIGHT OF DUE
> PROCESS WAS VIOLATED BY A SENTENCING COURT BY DETERMINING
> TITLE 8 U.S.C. § 1326(b)(2) IS NOT A SEPARATE OFFENSE FROM
> TITLE 8 U.S.C. § 1326, BUT MERELY A SENTENCING ENHANCEMENT?.

In **United States** v **Vasquez-Olivera**, a divided Fifth Circuit panel determined that 8 U.S.C. § 1326(b) is a sentencing-enhancement factor for 8 U.S.C. § 1326(a) **United States** v **Vasquez-Olivera**, 999 F.2d 943, 945 (5th Cir.1993), cert denied 510 U.S. 1076 (1994) In so doing, the court relied on the criteria enunciated in **United States** v **Davis** 801 F.2d 754 (5th Cir. 1986). Under the Fifth Circuit's evaluation, 1326(b) meets the four elements of the Davis test "(1) whether the statute predicates punishment upon conviction under another section, (2) whether the statute multiplies the penalty received under another section, (3) whether the statute provides guidelines for the sentencing hearing and (4) whether the statute is titled as a sentencing provision." **United States** v **Vasques-Olivera**, 999 F.2d at 945, citing Divis Id at 756.

The Fifth Circuit contends that 8 U.S.C. § 1326(b) meets criteria numbers 1,2, and 4. Vasques-Olivera, 999 at 945. Undaunted by the missing element, the Fifth circuit concluded, "Subsection (b) meets three of the four Davis factors and has enough of th ecommon traits of a sentence enhancement provision.'

-14-

The Fifth Circuit relied heavily on the fact that Congress included the following words in the statute: " subject to subsection (b) of this section" and " notwithstanding subsection (a) of this section." the Fifth Circuit also stated." It is highly unlikely that Congress would structure the statute in such a way that subsection (b) is dependant [sic] on elements of subsection (a), if it intended for subsection (b) to be a separated criminal offense." Vasquez Olivera 999 F.2d at 946.

In her dissent Judge King expressed skepticism toward the majority's

> reasoning: I **believe** **that** **while** **the** **majority's** **interpretation is a permissible one, there is another, equally permissible interpretation of the statute... In this regard, I observe that subsection (b) states that it appears "in the case of any alien described in" subsection (a). It does not say "In the case of any alien convicted of" the offense set forth insubsection (a). I further believes that the use of the phrase "[n] otwithstanding subsection (a), " if anything argues infavor of holding that the drafters of subsection (b) intended it to be a separated offense.**

The Fourth Circuit, following Vasquez-Olivera, held [T]he plain language of § 1326 indicates that subsection (b) is a sentence enahncement provision rather than a separate offense. **United Sates v Crawford**, 18 **F.**3d 1173m 1178 (4th Cir.) cert denied ___U.S.___, 115 S.Ct. 171 (1994). The First Circuit has also held in accordance with the Fourth and Fifth Circuits, sse **United States v Forbes, 16 F. 3d** 1294 (1st Cir.1994). Contrarily the Ninth Circuit has held, a a series of cases, that 8 U.S.C. (a) and 8 U.S.C. § 1326(b) are separate offenses. **United States v Arias-Granados**, 941 F.2d 996 (9th Cir. 1991); **United States v Campos Martinez**, 976 F.2d 589 (9th Cir.1992); United States v **Gonzalez-Meina**,976 F.2d 570 (9th Cir. 1992).

Due process compels the Ninth Circuit interpretation.  This court held in **In Re Winship,** 397 U.S. 358 (1970) that "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." **Winship Id** at 364. Additionally, under **McMillan v Pennsylvania,** 477 U.S. 79 (1996), a higher standard of proof is required where a statute either changes a maximum penalty or creates a new offense with its own penalty. **McMillan, Id** at 88.

Because § 1326(a) provides for a two year statutory maximum sentence and § 1326(b) provides for a fifteen year statutory maximum sentence, due process demands the prior conviction be proven beyond a reasonable doubt. McMillan, Id. Jose Sibrian Cortez, prior conviction was not proved beyond a reasonable doubt. Accordingly, in the absence of proof beyond a reasonble doubt of the prior conviction necessary to constitute a violation § 1326(b)(2), Jose Sibrian Cortez, may not be sentenced to more than the two years maximum provided for in § 1326(a).

**GROUND FOURT:**

> **WHETHER PETITIONER'S PRISON SENTENCE, WHICH IS WELL ABOVE THE TWO YEAR STATUTORY MAXIMUM AUTHORIZED BY 8 U.S.C. § 1326(A), IS ILLEGAL BECAUSE THE INDICTMENT DID NOT ALLEGE THAT PETITIONER WAS PREVIOUSLY CONVICTED OF AN AGGRAVATED FELONY PRIOR TO HIS ILLEGAL ATTEMPT TO RE-ENTRY INTO THE UNITED STATES.**

In **Almendarez-Torrez v United Stated,** 523, U.S. 224 (1998), the Supreme Court held, in a five to four decision, that an indictment in an illegal reentry case need not allege a defendant's prior "aggravated felony" conviction in order for a district court to sentence the defendant to an "enhanced" sentence under 8 U.S.C. § 1326(b)(2), based on the defendant's prior conviction. Almendarez-Torres, 523 U.S. at 247.

-16-

Justice Scalia, joined by Justices Stevens, Souther and Ginsbur, dissented from the Court's holding in Almendarez-Torres, Id at 248, contending that § 1326(b)(2) was not merely a "Sentencing Factor" but, instead, was a separate offense and that the fact of a defendant's prior conviction thus had to be pleaded in the indictment in order for a district court to impose an "enhanced" sentence above the two year maximum sentence provided for by 8 U.S.C.§ 1326(a). Id at 270-71.

On June 26, 2000, the Supreme court issued its decision in **Apprendi v New Jersey, 120 S.Ct. 2348 (2000),** which held that the petitioner's enhanced sentence was unconstitutional because a Jury had not found the operative "hate crime" "sentencing fact" beyond a reasonable doubt. Id at 2354. In its opinion, this court stated that "it is arguable that Amendarez-Torres, was incorrectly decide." Apprendi, 120 S.Ct. at 2362. Footnote 15 of the Court's decision then noted that "[i]n addition to the reasons set forth in Justice Scalia's dissent [in Almendarez-Torres] 523 U.S. at 248-60, it is noteworthy ignored the pedigree of the pleading requirement at issue." Apprendi, 120 S.Ct. at 2362 n. 15 (citing **United States v Reese, 92 U.S. 214, 232-33 (1876).** Justice Thomas, who had been in the five justice majority in Almendarez-Torres, wrote a concurring opinion in Apprendi. Apprendi, 120 S.Ct. at 2367 (Thomas J. Concurring) In which he stated that he had erred in joining the majority opinion in Almendarez-Torres. Apprendi 120 S.Ct. at 2379 (Thomas, J., concurring).

In light of the majority opinion and Justice Thomas's concurring opinion in Apprendi, this court should overrule Almendarez-Torres. if this Court were to do so, it would require this Court to vacate Mr. Jose-Sibrian-Cortez, 77 months sentence and remand for resentencing under 8 U.S.C. § 1326(a), which provides for a two year statutory maximum sentence. Because the indictment in his case

-17-

did not allege the fact of his prior "Aggravated felony" conviction, although the indictment did allege that the offense conduct described therein was [i]n violation of 8 U.S.C. § 1326(a) & (b)(2), such a bare statutory reference in the indictment is insufficient to plead a violation of 8 U.S.C. § 1326(b)(2). see **e.g., United States v Cabrera-Teran**, 168 F.3d 141, 145-46 (5th Cir. 1999); **United States v Forbes**, 16 F.3d 1294, 1297 (1st Cir. 1994); **United States v Zanngger**, 848 F.2d 923, 925 (9th Cir. 1998), the district court's sentence, which is well above the twenty four months maximum sentence provided for in 8 U.S.C. § 1326(a), is illegal assuming that the dissenting opinion in Almendarez-Torres becomes the new position of the majority of this court. Stare Decisis should be not a bar to this Court's decision to overrule Almendarez-Torres. That prudential doctrine is not an inexorable command particularly when a prior decision of this Court was "Badly reasoned" **Payne v Tennesse**, 501 U.S. 808, 827-28 (1991). As discussed by both the majority opinion and Justice Thomas's concurring opinion in Apprendi, Amendarez-Torres was badly reasoned and incorrectly decided.

In sum petitioners were sentenced to prison sentences well above the twenty four months statutory maximum sentence permitted by the offense charged in the indictment.

**GROUND FIVE:**

    A.  IN THE STATUTE DESCRIBING CRIMES OF ILLEGAL REENTRY AFTER DEPORTATION, THE PHRASES "SUBSEQUENT TO A CONVICTION FOR COMMISSION OF A FELONY" AND "SUBSEQUENT TO A CONVICTION FOR COMMISSION OF AN AGGRAVATED FELONY" DESCRIBE ELEMENTS OF THE OFFENSE WHICH MUST BE PLEADED BY INDICTMENT AND PROVED BEYOND A REASONABLE DOUBT.

-18-

In construing a statute, its plain meaning is the guiding principle. <u>United</u> <u>States</u> v <u>Gonzalez,</u> 117 S.Ct. 1032, 1034 (1997); <u>Baley</u> v <u>United</u> <u>States</u>, 116 S.Ct. 501, 506 (1995). When the text speaks with clarity to an issue, in all but the most extraordinary circumstances, inquire into the meaning of the statute is completed. <u>United States</u> v <u>Ron Pair Enterprises Inc.</u>, 489 U.S. 235, 241 (1989); <u>Rubin</u> v <u>United States</u> 449 U.S. 424, 430 (1981).

Section 1326 on its face creates separated offenses in subsection (b). subsection 1326(a) describes certain aliens in subparagraphs (1) and (2). Subsection 1326(b), as added in 1988, stated:

> (b) **notwithstanding subsection (a) of this section, in the case of ANY ALIEN described in such subsection......**
> **(1) whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony) such alien shall be......**
> **(2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be....**
> **(emphasis added).**

Incorporation by reference, using phrases such as "described in such subsection", is a standard tool of legislative drafting. Indeed, the immigration laws are rife wiht incorporation by reference. The adoption of an earlier statute by reference makes it as much a part of the later acts as though it had been incorporated at full lenght. <u>Engel</u> v <u>Davenport</u>, 271 U.S. 33, 38, (1926); <u>Kendall</u> v <u>United States Ex rel. Stokes</u>, 12 Pet. (37 U.S.) 524, 625 (1838).

The statute on its face (with the incorporation highlighted):

> **(b) Notwithstanding subsection (a) of this section, in the case of any alien who**
> **(1) Has been arrested and deported or excluded and deported, and thereafter**

-19-

(2)  enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United states or his application of admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act.

[3]  whose deportation was subsequent to a conviction for commission of a felony ) other than an aggravated felony ), such alien shall be fined under Title 18, imprisoned not more than 5 year, or both;

(4) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title 18, imprisoned not more than 15 Year or both.

The statute unambiguously states separate elements, the addition of which increase the maximum punishement.  All the elements of the offense are in subsection (b) itself. There is no suggestion of any other approach.

The statutory structure and context of section 1326 support the conclusion that each subsection states a separate offense. **Baley**, 116 S.Ct. at 505–06; **Hubbard v United States**, 115 S.Ct. 1754, 1758 ( 1995).  Judicial construction of Section 1326, substantially predating the creation of subsection (b), established that prior convictions had to be pleaded and proved beyond a reasonable doubt.  The same pattern is followed in subsection 1326 (b).  The unique Immigration and Naturalization Service definitions of "conviction" and "aggravated felony" militate in favor of treating the separate facts as necessary elements of the offenses, as does subsequent legislation.

-20-

In United States v Gonzalez-Medina, 976 F.2d 570 ( 9th Cir. 1992 ), Three defendants were to trial on indictments in the district of Washington that did not charge any prior offenses.  The government did not plead or prove the requisite facts for a subsection 1326(b)(1) or (b)(2) offense. The Court held that "the three subsections identity different crimes, the elements of which must be proven at trial and not simply at sentencing." Gonzalez-Medina, 976 F.2d at 571. In doing so, the court relied heavily on its earlier ruling in United States v Arias-Granados, holding that "[b]ecause sections 1326(a) and 1326(b)(1) and, a fortiori, 1326(b)(2) constitute separate crimes and not merely a single offense with different sentencing criteria —— the government was obligated to put on evidence of the defendant's prior felony convictions if it intended to prosecute them under subsection 1326(b) instead of the lesser included offense of 1326 (a). " Gonzalez-Medina at 572.

   In the Court of Appeals with Jurisdiction over the most felony Section 1326 prosecutions, the language and context of the statute establish that " § 1326(a) and (b) stand alone each with its own elements and sentencing provisions.' United States v Oliver, 60 F.2d 547, 553,54 ( 9th Cir. 1995 ).  Recently, the Ninth Circuit reinforced its view of the statute EN BANC when it upheld the dismissal of an indictment under subsection 1326 (b)(2) for failure to properly allege an aggravated felony. United States v Gomez-Rodriguez, 96 F.3d 1262, 1265 (9th Cir. 1996 ) (en banc).

   The finality of a convection under subsection 1326(b) is a potentially complex question of law and fact.

   Under subsection 1326 (b), the increase in maximum sentence applies only where the deportation is subsequent to a felony or aggravated felony. In Marino v INS 537 F.2d 686,691 ( 2nd Cir. 1976 ). the cout provided a narrow definition

of "convicted the immigration laws:

> [A]n alien is not deemed to have been "convicted" of a crime
> under the Act until his conviction has attained a
> substantial degree of finality..... such finality does not
> occur unless and until direct appellate review of the
> conviction (has been exhausted or waived.

The INS adopted regulations applicable to immigration crimes codifying the case law. Congress adopted a new version of "conviction" in 1996. Illegal Immigration Reform and Immigration Responsibility Act of 1996 (IIRIRA), pub. L. No. 104-208, § 322, 110 Sta. 3009-1570,3009-1703 (1996) (codified at 8 U.S.C. § 1101 (a)(48)(1996). The INS later withdrew 8 C.F.R. § 242.2(b).62 Fed. Reg.10,312, 10382 (March 6 1997). The new definition would not apply to Jose Sibrian Cortez. Under the Ex Post Facto Clause. The inportance of the earlier definition of "conviction" is the light it sheds on the offense created by Congress in 1988 by promulgating subsection (b).

The question whether the deportation is subsequent to a conviction becomes a relatively complex factual question. If, for example, the deportation follows quickly upon the imposition of a sentence to time served or probation, the conviction will not be final at the time of the deportation because the time within which to appeal may not have expired.

If an appeal is filed, the conviction may not become final for months, or Years, while the case end its way through the appellate court. In fact, there is nothing in the record before this court to establish that Mr. Jose Sibrian Cortez. prior convictions were not appealed and still pending at the time of his deportation.

The need to focus the parties and the court on when the judgment was final,

and on the potential "subsequent" defenses, militates in favor of treating as an element facts which may result in a much lower statutory maximum.

> **Construction of Subsections (b)(1) and (b)(2) as Separate Offenses Respects the Rights to Grand Jury Indictment and Proof of Elements beyond a Reasonable Doubt.**

Section 1326 should be read consistently with historical procedural, and constitutional requirements of indictment and proof. Due Process and the Sixth Amendment require the government prove, and the jury find beyond a reasonable doubt, each element of an offense. <u>Mullaney</u> v <u>Wilbur</u>, 421 U.S. 684 (1975); <u>In Re Winship</u>, 397 U.S. 358 (1970). Criminal statutes routinely require proof of a prior conviction beyond a reasonable doubt. <u>Lewis</u> v <u>United States</u>, 445 U.S. 55 (1980); <u>Moore</u> v <u>Missouri</u>, 159 U.S. 673,676–77 (1895); <u>LaFave</u> and <u>Scoot</u>, 1 SUBSTANTIVE CRIMINAL LAW (West 1986) § 1.8 at 69.

The Fifth Amendment requires that federal felonies be charged by indictment. U.S. Const. amend V. The traditional requirements that every ingredient of an offense must be charged and proved beyond a reasonable doubt are of ancient provenance, <u>United States</u>, v <u>Gaudin</u>, 115 S.Ct. 2310, 2313–15 (1995); <u>Smith</u> v <u>United States</u>, 360 U.S. 1, 9 (1959).

The Historical practices have coalesced into federal procedural rules which require an indictment stating the essential facts constituting the offense charged. (Fed. R. Crim. P. 7(c)(1). The Court has recognized that elements that increase statutory maximum are subject to constitutional protections. <u>Mcmillan</u> v <u>Pennsylvania</u>, 477 U.S. 79, 87–88 (1986); <u>Mullaney</u>, 421 U.S. at 698–99. The Elements interpretation of subsection 1326(b) is supported by constitutional, procedural and historical norms.

The circuit courts outside the Ninth Circuit have found subsection 1326(b) creates a " sentence enhancement." **United States v Valdez, 103 F.3d 95, 97-98 (10th Cir. 1996)**(citing cases).   The plain meaning of the statute and its context contradict that position.   Two of the leading cases adopt an incorrect. analysis in reaching their conclusion.

In **United States v Vasquez-Olivera, 999 F.2d 943, 945 (5th Cir 1993), cert denied, 510 U.S. 1076 (1996)** the Fifth circuit, in both the majority opinion and the dissent, adopted an analytical framework based on an Armed Career Criminal Act case, **United States v Davis, 801 F.2d 754 (5th Cir. 1986)**.   The Davis court, in turn, derived its analysis from **Garrett v United States, 471 U.S. 773 (1985)**.   Davis, 801 F.2d at 756.   Although there is overlap, the Davis/Vasquez-Olvera approach is not helpful in the present case.

In Garrett, this court considered whether proof of facts supporting a predicate offense for a Continuing Criminal Enterprise conviction violated the Double Jeopardy Clause.   The Court did not purport to create a methodology for determining what ingredients of an offense must be pleaded and proved.   The Double Jeopardy analysis sheds little on the construction of Section 1326. Defendant is not arguing that his prior conviction forecloses prosecution as a matter of double jeopardy.

As stated by the Vasquez-Olvera dissent, the Garrett methodology reaches the result defendant seeks; 1. incorporation by reference renders subsection 1326(b) a unitary offense; 2. the title does not create a separate penalty provision;  and  4.  as  all  agree  no  separate  procedures  are  provide. Vasquez-Olvera,999 F.2d 948-49. The same result is achieved through the plain meaning and context of the statute, informed by the strict construction of criminal statutes and the rule of lenity.

-24-

**The First Circuit, and those relying on it, failed to apply the applicable policies requiring treatment of Subsections (b)(1) and (b)(2) as separate Offense.**

The First Circ it found Section 1326 to be ambiguous based on its language and structure. **United States** v **Forbes** 16 F.3d 1294, 1298 (1st Cir. 1994). Then, instead of applying the rules for construction of ambiguous criminal statutes, the court found the policy against introduction of prior convictions to be decisive. **United States** v **Forbes**, at 1299, 1301.

once ambiguity is found, the narrow construction of criminal statutes and the rule of lenity require relief for the defendant. This Court requires strict construction of what constitutes a crime under the immigration laws. **United States** v **Campos-Serano**, 404 U.S. 293, 297-98 (1971). The definition of criminal offenses is also subject to the rule of lenity, whereby the interpretation saving the individual defendant from prison is favored. **Granderson** v **United States,** 511 U.S. 39,54 & n. 12 (1994); **Ratzlaff** v **United States** 510 U.S. 135, 148 (1994); **United States** v **R.I.C.,** 503 U.S. 291, 305 (1992).

Even beyond defendant particular circumstances the policies cited by the **Forbes** court incorrectly balance the interest of defendants generally. The constitutionally-based interest in grand jury indictment and proof beyond a reasonable doubt alone override other interest. The dangers posed by proof of prior convictions have been substantially mitigated by the court's ruling in **Oldchief** v **United States**, 117 S.Ct. 644 ( 1977 ) ( stipulation to conviction obviates proof of the offense. ) In 1996, 98.2% of all Section 1326 defendant pleased guilty. The number of defendant going to trial is minuscule compared to those benefiting from charging discretion or defenses based on the elements of the offenses.

Because § 1326(a) provides for a Two Year statutory maximum sentence and § 1326(b) provides a fifteen year statutory maximum sentence, under common law the Constitution requires that, in a federal case, whenever the maximum imprisonment range is increased based on a fact, that fact must be alalleged in the indictment, submitted to the jury and proven beyond a reasonable doubt. Mr. Jose Sibrian Cortez., prior conviction was not proved beyond a reasonable doubt. Accordingly, the absence of proof beyond doubt of the prior conviction is necessary to constitute a violation of § 1326(b)(2). Defendant Jose Sibrian Cortez., may not cannot be sentenced to more than the Two Year maximum provided for in 1326(a).

Petitioner repleads and realleges as if fully restated herein in regards to his being denied effective assistance of counsel. 1 ABA Standards of Criminal Justice, <u>Duty to Investigate</u>, Standard 4-4.1, at 4-53 (2d Ed. Supp. 1986). Commentary to Standard 4-4.1 notes that "[f]acts from the basis of effective representation . ..... adequate investigation may avert the need for courtroom confrontation." <u>Id</u> at 4-54. "It is the duty of the lawyer to conduct a prompt investigation on the circumstances of the case and explore all avenues leading to facts relevant to guilt and <u>degree of guilt of penalty</u>." **Kelly** v **Armontrout**, 937 F.2d 1298, 1304 at n.5 (quoting **Eldridge** v **Arkins**, 665 F.2d 228, at 232, cert denied, 456 U.S. 910, 102 S.Ct. 1760, L.Ed 2d 168 (1985). Petitioner avers that, but for counsel's unprofessional errors, the result of the proceedings would have been different and therefore, prejudice the outcome resulting in an illegal sentence, see **Strickland** v **Washington**, 466 U.S. 668-687 (1984). Petitioner suspects that counsel's constructive denial of his right to counsel meets the **Cronic** standard. **U.S.** V **Cronic**, 466 U.S. 648, 80L.Ed 2d 657.

## CONCLUSION

Petitioner was constructively denied assistance of counsel at crucial stages of the proceedings by counsel's failure to:

Move to dismissal of the indictment, and object that under Common Law the constitution requires that, in a federal case, whenever the maximum imprisonment range is increased upon a fact, that fact must be alleged in the indictment, submitted to the jury, and proved beyond a reasonable doubt in a jury trial.

**Wherefore, all premises considered, petitioner Jose sibrian cortez, respectfully request that the court dismiss the indictment because if failed to allege any MENS REA or ACTUS REA for the offense as required by the Constitution, issue and order causing vacatur of petitioner's sentence and resentence him for a term of imprisonment no exceeding Two Year, and any further and such relief the Court seems just and proper.**

Respectfully Submitted,

JOSE SIBRIAN CORTEZ
In Pro SE

Done this on **12** day of January, 2001.

## CERTIFICATE OF SERVICE

I, Jose Sibrian Cortez, do hereby certify, under penalty of perjury that has served the original and two copies of the foregoing motion under Title 28 U.S.C. § 2255., to the Clerk of the court,P.O. BOX 2163, Brownsville, TX. 78522, after having first affixed sufficient first class mail postage and having placed same in the internal federal prison U.S. Mail Box.

Executed this **12** day of January, 2001.

JOSE SIBRIAN CORTEZ

-27-