5

Jose Sibrian Cortez
REG No 92543-079
F C I M Beaumont
P O Box 26040
Beaumont Texas 77720

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

MAR 28 2001

BROWNSVILLE DIVISION

Michael N. Milby
Clerk of Court

United of America,
        Respondent, )
                    )
                    )   CA B-01-008
v                      )
                    )   Case No CR B-00-112
Jose Sibrian Cortez   )
        Defandant, )

PETITIONER'S REPLY TO THE UNITED STATES
OPPOSITION TO THE PETITIONER'S MOTION
BROUGHT PURSUANT TO 28 U.S.C.§2255

**Comes Now,** Jose Sibrian Cortez, defendant in the above captioned case, acting Pro se, herein respectfully replies to the contention advanced by the government's response to Movant's motion file pursuant to 28 U.S.C. §2255.

Specifically, in regard to the government's response to movant's factual claims that the Supreme Court rule in **Apprendi v New Jersey**, 530 U.S.___, 120 S.Ct. 2348 (2000), Should applies to case proceeding on §2255, movant categorically replies to the government misleading view of the law and circumstance of this case, which indeed support the claim that **Apprendii** issue is applicable in this case, and thereby warrant vacatur of movant's sentence.

-1-

Furthermore, there can be little doubt that the sweeping new requirement announced in **Apprendi**, is so grounded in fundamental fairness that it may be considered o fwatershed importance.

Movant therefore contends that the **Aprrendi** decision falls under the second exception to the **Teague** nonretroactivity principle and must be applied to this section 2255 petition. See **Deshoun Murphy v. United States**, 2000 WL 1140782 **(S.D. Min. 2000)** (appling Apprendi in Section 2255 petition under the second exception to the Teague principle); **Ingber v. Enzor**, 841 F.2d 450, 454-55 (2nd Cir. 1988) (applying new interpretation of mail fraud statute in §2255 action and excusing failure to raise the claim under earlier interpretation); **United States v. Dashney**, 52 F.3d 298, 299 (10 Cir 1995) (applying new interpretation of financial structuring" offense in § 2255 action after defendant had serve sentence to prevent complete miscarriage of Justice).

Moreover, government did not disagree that the ruling in **Apprendi** is applicable in this case. Rather, government argues that Apprendi does not apply retroactively to cases on collateral review. **Id.24 n.4.** In doing so, government derected this honorable court to Fourth Circuit decision in **In re Vial** does not coincide with the proceedings in this case andsuch argument constituted misleading view of law. In the case of **In re Vial**, petitioner, **Vial** requested for a second or successive motion to vacate sentence in light of Supreme Court rule in Bailey, which held that in order to convict a defendant of "using a firearm within the meaning of 924 (c)(1), the government must show that the defendant actively employed the weapon. After Bailey was decided by the Supreme Court, **Vial** whose § 924 (c)(1) conviction was based on a pre Bailey definition

## WHETHER APPRENDI SHOULD APPLY TO CASES PROCEEDING ON § 2255 PETITION

Governmen's contention that **apprendi** did not apply to cases on collateral attck of § 2255 is a misleading view of law. As such, movant replies as follow. "A new rule is not applied rertoactively on collateral review unless the rule falls within one of two narrow exceptions: (1) the new rule places certain kind of primary conduct beyond the power of the criminal law-making authority to proscribe, or (2) the rule requires the observance of those procedure that..... are 'implicit in the concept of ordered liberty.'" **Teague v Lane**, 489 U.S. 228, 305-310 (1989) (citation omitted).

Retroactivity under **teague** is a "threshold matter" which must be addressed "before considering the merits of [a] claim." **Caspari v. Bohlen**, 510 U.S. 383, 389 (1994). The first exception to the general rule prohibiting retroactivity applies only to rule that decriminalize a class of conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. See **Saffle v. Parks**, 494 U.S. 484, 495 (1990). The exception is inapplicable here. However, the **Apprendi,** decision does not implicate the second exception, which applies to those "watershed rules of criminal procedure" which alter the court's understanding of the bedrock procedural elements essential to the fairness of a proceeding and without which the likelihood of an accurate conviction is seriously diminished. **Sawyer v. Smith**, 497 U.S. 227, 242-244 (1990) (quoting Teague, 489 U.S. at 311,315); See also **Bousley v. United States**, 532 U.S. 614, 620 (1998)("The Teague doctrine is founded on the notion that one of the 'principal functions of hebeas corpus [is] "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risd that the innocent will be convicte."'" (citations omitted)).

-3-

Defendant was charged by indictment with offense of illegal reentry, in violation of 8 U.S.C. § 1326. The statute provides for graduated penalties, depending on a defendant's prior criminal history. Defendants who reenter after deportation are subject to a 2-Year maximum sentence, see § 1326(a); defendants deported after a felony, or after three misdemeanor drug offenses o rcrimes of violence, are subject to a maximum sentence of 10 years, see § 1326(b)(1); and defendants deported after a conviction for an aggravated felony are subject to a maximum sentence of 20 years, see § 1326(b)(2). In Almendarez-Torres, the Supreme Court held that, under §1326, a defendant's prior conviction is a sentencing factor, rather than an element of the offense. 523 U.S at 235. The Court further held that, as a constitutional matter, a prior conviction need not be an element of the offense, even if it increased the statutory maximum. Id. at 239-47. almendarez-Torres's constitutional ruling, however, has been expressly limited by Apprendi, and its validity has been called into doubt.

The majority opinion in Apprendi stated that Almendarez-Torres "represents at best an exceptional departure from the historic practice" of requiring that every fact that increases the maximum punishment be treated as an element of the offense. 2000 WL 807189, at *12. The Court described Almendarez-Torres "as a norrow exception to the general rule,"a rule based on " the otherwise uniform course of decision during the entire history of our jurisprudence." Id. at 13. The majority opinion in Apprendi also states that in Almendarez-Torres "the specific question decided concerned the sufficiency of the indictment." 2000 WL 807189 at *12. Thus, Almendarez-Torres is distinguishable from the issue raised by Defendant. Defendant does not challenge the sufficiency of th eincictment

-4-

in this case; the indictment indisputably stated the offense of simple illegal reentry. Defendant challenges only the applicable maximum sentence. The maximum sentence he faces is 2 years' imprisonment. As Apprendi makes clear, that maximum sentence may not be increased by a judicial finding, a presentence report, or a prosecutor's urging.

If the court should consider whether Almendarez-Torres is still viable. The majority in Apprendi found it "arguable that Almendarez-Torres was incorrectly decided," but found it unnecessary to revisit the case's holding in reaching its decision. 2000 WL 807189, at 13. However, five justices of th ecurrent Court (the same Court that decided Almendarez-Torres) have written o rjoined opinions desagreeing with Almendarez-Torres'sconstitutional reasoning. See **Monge v. California**, 524 U.S. 721, 741, 118 S.Ct. 2246, 2257 **(1989)** (Scalia, J, joined by Souter and Ginsburg, JJ. dissenting) (Almendarez-Torres's holding was "a grave constitutional error affecting the most fundamental of rights"); **Jones v. United States ,526 U.S. 227, 252, 119 S. Ct. 1215, 1228-29 (1999) (Stevens, J., concurring)** (agreeing with Justice Scalia that, contrary to Almendarez-Torres's holding, "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties"); Apprendi, 2000 WL 807189, at *29 (Thomas, J., concurring) (stating that he "succumbed" to the errors of Almendarez-Torres in joining that opinion). Thus, in the two years since the decision was announced, a majority of the court has repudiated Almendarez-Torres. Almendarez-Torres is no longer valid precedent, and should no tbe followed.

While the rule of stare decisis sometimes supports the viability of a

decision that was arguably incorrect, this rule should no tbe applied here. "Stare decisis is no tan inexorable command." **Payne v. Tennessee, 501 U.S. 808, 828 (1991).** "[R]ather, it is a principle of policy and not a mechanical; formula of adherence to the latest decision." Id. (citation omitteed). The Supreme Court has not "felt constrained to follow precedent" that is "badly reasoned." Id. at 827. (citation omitted). This is especially true when, as in this instance, the incorrect precedent is of very recent vintage, Cf. id at 830 n.2 (overruling 2 and 4 year-old decisions); involves "procedural and evidentiary rules" rather than property and contract rights, id. at 828; was "decided by the narrowest of margins [5 votes to 4], over spirited dissents,"Id has been"questioned by Members of [the] Court in later decisions," id. at 829-30; and has "defied consistent application by the lower courts," id.at 830.

Prosecutors and defendants around the country have tried to bargain their way around the Almendarez-Torres holding. See, e.g., **United States v. Romero-Tomayo, No 99-1375, 2000 WL 664362 (2d Cir. May 22, 2000)** (considering plea bargain that treated §§ 1326(a) and (b)(2) as separate crimes, despite holding in Almendarez-Torres); **United States v. Bonuelos-Rodriguez, 173 F.3d 741, 744 (9th Cir.)** (noting similar pre-Almendarez-Torres practice in three of four California federal districts), vacated pending reh'g en banc, 195 F.3d 454 (9th Cir.1999), appeal after remand, No. 96-50297, 2000 WL 763827 (9th Cir June 14, 2000); **United States v. Bonnet-Grullon, Nos. 99-1321, 99-1325,2000 WL 574814 (2d Cir. May 12, 2000)**(describing bargain practices used in Southern District of California to avoid consequences of Almendarez-Torres). Thus, while in many circumstances "it is more important that the applicable rule of law be settled than it be settled right," Payne, 501 U.S. at 827 (citation omitted), that is not the case here.

Jose Sabrian Cortez was arraigned on a First Superseding Indictment charging one violation 8 U.S.C. § 1326, and alleging various prior convictions. Because the significance of a textual insertion of alleged prior convictions into the Indictment is unclear, and calls into question what elements the defense must investigate and be prepared to defend against at trial, the defense brings the instant motion to clarity the indictmet.

The indictment is captioned as follows: "8 U.S.C. § 1326: Illegal alien found in the United States following deportation and alleges that Mr Jose Sibrian Cortez was "found in" Unites Stated after having been officially deported an various dates, and that Mr. Jose Sibrian Cortez did not receive permission to apply for readmission to this country. The indictment also alleges that Mr Jose Sibrian Cortez deportations occureed subsequent to one or more enumerated "aggravated felony" convictions.

As the Court undoubtedly is aware, the U.S. Attorney's office in this District ("USAO") has long taken the position that prior convictions are not an element of an illegal reentry offense which must be pled and proved beyond a reasonable doubt, but are more sentencing enhancements. In the wake of the Supreme Court's decision in **Apprendi v. New Jersey**, 120 S. Ct.2348 (2000), the USAO"S position evidently has changed -- but by no means is it clear. Thus, the defense has inadequate notice of what the prosecution claims are the elements of the charges now leveled against Mr. Jose Sibrian Cortez and what matters must be investigated and evaluated in order to effectively defend Mr. Jose Sibrian Cortez Defense counsel agrees that the state of the law following <u>Apprendi</u> may be unsettled. This uncertainty in the law of illegal reentry compels the instant motion to clarity th egovernment's theory of prosecution against Mr.Jose Sibrian Cortez.

II.

A. **PURSUANT TO RULE 7(F) OF THE RULES OF CRIMINAL PROCEDURE, THIS COURT SHOULD COMPEL, THE PROSECUTION TO PRODUCE A BILL O FPARTICULARS.**

The indictment is captioned section 1326 and alleges various prior aggravated felony convictions. Such prior convictions are what distinguishes section 1326(b), which has a statutory maximum penalty of 10 or years, from section 1326(a), which has a statutory maximum of only 2years. Prior to the Apprendi decision, the USAO did not plead the existence of prior convictions, introduce evidence at trial to prove them beyond a reasonable doubt, or attempt to elicit admissions regarding prior convictions during guilty plea proceedings. The USAO is now taking divergent.

> For example, in United States v. Jose carbajal Cruz, 98 717 DDP, the USAO recently submitted a sentencing position paper contending that Almendarez Torres v. United States, 523 U.S. 244 (1998), was not overruled by Apprendi and that it did not need to allege prior felony convictions in order to subject Mr. Cruz to a 20 year maximum. Here, by contrast it alleges various prior convictions in the indictment.

positions in different pending cases inthis District.

Although the USAO apparently still maintains the position that the existence of a prior conviction does not constitute an element of the offense of illegal reentry, it has gone to the trouble of seeking a indictment alleging prior convictions. As a result, there appear to be contradictions between the USAO"S position in otherwise identical pending cases, and the theory of the prosecution in this matter remains unclear. Accordingly, a bill of particulars is appropriate to enable the defense to ascertain what elements it must

investigate, and what it will have to prepare to defend against at trial.

The Ninth Circuit has explained that the purpose of a bill of particulars is threefold: "to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes." <u>United States v. Ayers</u>, 924 F.2d 1468, 1483 (9th Cir. 1991) (internal quotations omitted). The need for a bill of particulars in not met unless the accused is otherwise made aware of "the theory of the government's case." <u>United States v. Ryland</u>, 896 F.3d 941, 942 (9th Cir. 1986), <u>cert. denied</u>, 481 U.S. 1057 (1987). No good cause supports permitting the prosecution to keep the defense in the dark under the instant circumstances.

if the prosecution's inclusion of allegations regarding the prior convictions in the indictment is deemed by this Court to be an admission by the prosecution that Mr.Jose Sibrian Cortez, is charged with a crime which includes as an element the existence of prior convictions, this may be sufficient to constitute "Full disclosure" of the theory of the prosecution,thus obviating.

> **The vices of duplicity arise form breaches of defendant's Sixth Amendment right to knowledge of the charges against him, since conviction on a duplicitous count could be obtained without a unanimous verdict as to each of the offenses contained in the count, A duplicitous indictment also could eviscerate the defendant's Fifth Amendment protection against doubt jeopardy, because of a lack of clarity concerning the offense for which he is charges or convicted,**

<u>United Atates v. Aguilar</u>, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985). Along these lines, at lest one district court in the Ninth Circuit has held that charging both 1326(a) and 1326(b) in one count i sduplicitous. <u>See</u>, e.g., <u>United States v. Pantoja Valderama</u>, 1997 WL 856119 at * 5 (S.D. Call. 1997), <u>aff'd</u>, 165 F.3d 919 (1998)

If the prior convictions are elements of the charged offense, the indictment should be dismissed as duplicitous, From the

> This district court case predated the Supreme Court's decision in <u>Amendarez Torres v. United States</u>, 523 U.S. 224 (1998) (holding that Section 1326(b) does not set out a continuing validity of <u>Almendarez Torres</u>, is questionable in light of the Supreme Court'smore recent decision in <u>Apprendi</u>, Justice thomas, who cast the diciding vote in <u>Almendarez Torres</u>, now appears to have recanted his prior position, <u>See</u> <u>Apprendi</u>, 120 S.Ct. at 2379 (thomas, J, concuring) ("[o]ne of the chief errors in <u>Almendarez Torres</u>, an error to which I succumbed was to attempt to discern whethera particular fact is traditionally (or typicaly) a basis for a sentencing court to increase an offender'ssentence,") At a minimum, <u>Apprendi</u> limits <u>Almendarez Torres</u> to its "unique facts," wherein the defendant pleaded guilty and admitted in the colloquy that he had a prior felony conviction. <u>Apprendi</u>, 120 S.Ct.at 2362. As a result, the district court's reasoning remains persuasive authority for this Court to take into consideration.

Captions of the indictment, and language in the indictment regarding prior convictions it appears that the prosecution is charging two distinct offenses in the indictment. The prosecution charges both simple illegal reentry inviolation

The need for a bill of particulars. See, e.g.c United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) ("Full disclosure will obviate the need for a bill of particulars."). However, absent such a finding by the Court, Mr.Jose Sibrian Cortez moves the Court, pursuant to Rule &(f) of the Federal Rules of Criminal Procedure, to order that a bill of particulars be produced which sets forth the prosecution's theory of whether the offense charged against Mr. Jose Sibrian Cortez, includes as an element the existence of prior convictions.

### B. THE INDICTMENT SHOULD BE DISMISSED AS DUPLICITOUS IF THE PROSECUTION'S POSITION IS THATPRIOR CONVICTIONS ARE ELEMENTS OF THE CHARGED OFFENSE.

As discussed above, the textual insertion of prior convictions in the indictment, and the USAO"S contemporaneous position in other cases, raise serious questions as to the prosecution's theory of prosecution against Mr. Jose Sibrian Cortez, these questions may be resolved by either with a bill of particulars, or a finding by this Court that the prosecution has committed itself, with respect to the elements of the charged offense, by alleging prior convictions in the indictment.

Charging two offenses in one count o fan indictment is contrary to Federal Rule of Criminal procedure 8(a), which requires that an indictment contain "a separate count for each offense." The joining in a single count of two or more distinct offenses is termed "duplicity." See, Generally, 1 wright, Federal Practice and procedure§ 142 (2d ed. 1982); 8 More's Federal practice § 8.03 (2d ed. 1984). The Ninth Circuit has explicated the reasoning behind the prohibition against duplicitous indictments:

Section 1326 (carrying a 2 years maximum sentence), and post felony illegal reentry, in violation of Section 1326(b)(2) (carrying a 20 years maximum sentence). Since it charges two separate illegal reentry offenses a single count, the indictment should be dismissed as duplicitous.

As note by the Ninth Circuit in <u>Aguilar</u>, The remedies for duplicity are either dismissal of the indictment o r, in some circumstances, election by the prosecution of one of the offenses charged in the single count. <u>See</u> <u>Aguilar</u>, 756 F.2d at 1422-23. As discussed above, to the extent that the prosecution commits itself to a theory of prosecution regarding the elements of the offense charged against Mr Jose Sibrian Cortez, election is a suitable remedy. However, if the prosecution will not elect a theory either through a bill of particulars, or the Court's determination that the theory of prosecution is evidenced by the charges then the indictment against Mr Jose Sibrian Cortez, must be dismissed as duplicitous.

C. <u>IF THE COURT DETERMINES THAT A PRIOR FELONY IS NOT AN ELEMENT OF THE CHARGE AGAINST MR JOSE SIBRIAN CORTEZ THEN ALLEGATIONS REGARDING ALLEGED PRIOR CONVICTIONS SHOULD BE STRICKEN FROM THE INDICTMENT AS SURPLUSAGE UNDER RULE 7 (D).</u>

Notwithstanding the allegations regarding prior convictions set forth in the indictment, recent positions taken by the USAO in other matter enidence that the USAO persists in its view that its theory of prosecution is that th eoffense with which Mr Jose Sibrian Cortez, is charged does not include the existence of a prior conviction as an element. <u>See</u> Note 1, <u>supra</u>. If the Court accepts this theoryof prosecution, then the additional language inserted into the indictment should be deleted as surplusage.

Federal Rule of Criminal Procedure 7(d) provides that "[t]he court on motion of the defendant may strike surplusage from the indictment or information." As noted by the NinthCircuit, "[t]he purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." **United Stated v. Ramirez, 710 F.2d 535, 544-45 (9th cir. 1983).** Among the common grounds for granting a motion to strike surplusage from an indictment is to strike aliases, where not relevant to the issue of the defendant's identification, and to strike prejudicial language describing thenature of a prior felony conviction, where that prior felony conviction is an element of the charged offense. See Ramirez, 710 F.2d at 545 (citations omitted).

Here, the USAO has long maintained that the charge against Mr Jose Sibrian Cortez, does not include as an element the existence of prior convictions,and that the existence of prior convictions is relevant only to sentencing. Uner this theory, reference to the alleged existence of Mr Jose Sibrian Cortez, convictions is not relevant to any substantive element of the charged offense and therefore is surplusage **highly prejudicial** surplusage. Such inflammatory references, since they are not relevant to any element of the charged offense, would greatly prejudice the jury against Mr Jose Sibrian Cortez, See, e.g,. **Griffin v.California**, 380 U.S. 609, 615 (1965) (noting prejudicial effect upon jury of admission of admission of a defendant's prior convictions); **See also Fed, R. Evid. 609** (excluding introduction of prior conviction as prejudicial unless sufficiently probative). Accordingly, references to the alleged prior convictions should be stricken from the indictment.

## III.

### CONCLUSION

In light of the preceding. the defense respectfully requests that the Court enter one or more of the accompanying proposed orders: (1) for a bill of particulars, (2) to dismiss the indictment as duplicitous, and/or (2) to strike surplusage from the indictment.

Respectfully submitted,

Deted: On18rd Day of March, 2001.

JOSE SBRIAN CORTEZ

## CERTIFICATE OF SERVICE

I, Jose Sibrian Cortez, hereby certify that a one (1) and Two (2) copies of the foregoing motion Defendant response to the United States Opposition to the petitioner's motion under Title 28 U.S.C. § 2255, motion to vacate, has been duly mailed on this18rd day of March, 2001, to the United states District COurt, Clerk OFfice, P.O. BOX 597 Laredo, TX. 78042.

                                                JOSE SIBRIAN CORTEZ