United States District Court
Southern District of Texas
ENTERED
MAY 25 2001
Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| JOSE SIBRIAN-CORTEZ, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-01-008 |
| VS. | § | |
| | § | CRIMINAL NO. B-00-112 |
| UNITED STATES OF AMERICA, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is Jose Sibrian-Cortez's ("Sibrian") Motion filed pursuant to 28 U.S.C. § 2255 (Docket No. 1). The government has filed an answer which incorporates a Motion for Dismissal or alternatively a Motion for Summary Judgment (Docket No. 4) which, for the reasons, set forth below should be granted.

### BACKGROUND

According to the criminal file styled United States of America vs. Jose Sibrian-Cortez, Criminal No. B-00-112, Sibrian was indicted on March 14, 2000, and charged with being unlawfully present in the United States after having been deported in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

On March 20, 2000, Sibrian pled guilty to this offense. On July 18, 2000, he was sentenced to 77 months confinement, a three year SRT and a $100.00 special assessment.

### THE § 2255 PETITION

Sibrian presents four issues which, in the original, are almost unintelligible; but which the United States Attorney has, through textual exegesis, made understandable. The points are:

1. Sibrian's rights were violated by failure to comply with the Vienna Convention..

2. Sibrian's counsel was ineffective for failing to seek dismissal of the indictment because of the government's failure to comply with the Vienna Convention.

3. Sibrian's counsel was ineffective for failing to seek dismissal of the indictment because it did not allege *mens rea.*

4. Title 8 U.S.C. § 1326(b) is a separate crime, not a "sentencing factor."

## RECOMMENDATION

Sibrian's points lack merit. With respect to his Vienna Convention argument, Sibrian has been unable to demonstrate that his defense was prejudiced by the failure of the government to notify the Salvadoran consulate of his arrest. Absent some showing that he was prejudiced by the failure of the government to comply with the consular notification provisions of the Vienna Convention, Sibrian has no claim for relief. *Faulder v. Johnson*, 81 F.3d 515, 520 (5th Cir. 1996), *cert. denied* 519 U.S. 995 (1996). The Fifth Circuit has also refused to recognize that the Vienna Convention establishes personal rights under the Constitution. *Flores v. Johnson* 210 F.3d 456, 457-458 (5th Cir. 2000).

It follows that Sibrian's claim with respect to ineffective assistance of counsel for counsel's failure to seek dismissal of the indictment because of the government's failure to notify the Salvadoran consul must also fail. There was no prejudice to Sibrian.

Sibrian argues that the indictment in his case was defective because it failed to allege any *mens rea.*

The Fifth Circuit has held that an indictment which tracks the language of § 1326 is adequate. *United States v. Cabrera-Teran*, 168 F.3d 141, 143 (5th Cir. 1999). Violation of § 1326 is a general intent crime. There is no requirement that there be a an allegation in the indictment of a specific intent to violate the statute. *United States v. Guzman-Ocampo*, 236 F.3d .233, 237 (5th Cir. 2000)

2

Finally, Sibrian argues that the government had to prove whether or not his prior deportation was subsequent to a conviction. (Sibrian's Petition p. 22). He argues that his prior conviction might not have been final, although he is careful not to allege that his prior convictions were on appeal or were not final. In other words, his arguments are based on a hypothetical scenario that a § 1326(b) charge had to include proof that the prior felony conviction was final before the twenty year sentence provisions of § 1326(b) would come into play. The United States Supreme Court has held that the enhanced sentencing provisions contained in § 1326(b) are just that, enhanced sentencing provisions. They do not constitute a separate offense. *Almendarez-Torres v. United States*, 524 U.S. 224 (1998). Although that holding has been criticized, the Supreme Court has declined an invitation to revisit the issue. *United States v. de la Fuente-Ramos*, 242 F.3d 391 (10th Cir. 2000) *cert. denied de la Fuente Ramos v. United States*, ----U.S.----; 121 S.Ct. 1391 (2001). This claim simply does not raise a constitutional issue.

IT IS THEREFORE RECOMMENDED that the government's Motion to Dismiss be **GRANTED**. IT IS FURTHER RECOMMENDED that Jose Sibrian-Cortez's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

3

DONE at Brownsville, Texas, this 25th day of May, 2001.

_____
John Wm. Black
United States Magistrate Judge

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE SIBRIAN-CORTEZ,<br>　　Plaintiff-Petitioner, | §<br>§<br>§ | CIVIL ACTION NO. B-01-008 |
| VS. | §<br>§ | CRIMINAL NO. B-00-112 |
| UNITED STATES OF AMERICA,<br>　　Defendant-Respondent. | §<br>§<br>§ | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING PETITION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of May 25, 2001, should be adopted and the petition be dismissed.

DONE in Brownsville, Texas, on this _____ day of _____, 2001.

_____
Filemon B. Vela
United States District Judge