9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**-BROWNSVILLE DIVISION-**

United States District Court
Southern District of Texas
ENTERED

**DEC 0 3 2001**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE SIBRIAN CORTEZ, | § | |
| Plaintiff-Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-008 |
| | § | CRIMINAL NO. B-00-112 |
| UNITED STATES OF AMERICA, | § | |
| Defendant-Respondent. | § | |
| | § | |

## ORDER

Petitioner Jose Sibrian-Cortez ("Sibrian-Cortez"), a prisoner proceeding *pro se*, has filed a

Motion for Leave to File a Late Notice of Appeal (Docket No. 8) in response to the district court's

order dismissing his 28 U.S.C. § 2255 motion. In order to properly appeal the district court's order,

the Antiterrorism and Effective Death Penalty Act of 1996 requires that Cortez obtain a certificate

of appealability ("COA"). This Court will treat Sibrian-Cortez's motion as a petition for a COA.

### STANDARD FOR ISSUING CERTIFICATE OF APPEALABILITY

A court may issue a certificate of appealability ("COA") only if the applicant has made a

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253. A "substantial

showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason;

that a court *could* resolve the issues (in a different manner); or that the questions are adequate to

deserve encouragement to proceed further. *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998), *cert.*

*denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999).

### DISCUSSION

In his § 2255 petition, Sibrian-Cortez argued that his rights were violated because the

government failed to comply with the Vienna Convention. He further contended that his counsel

was ineffective for failing to seek dismissal of the indictment because of the government's failure to comply with the Vienna Convention. The Fifth Circuit has held that the Vienna Convention does not confer rights enforceable by individuals. *Flores v. Johnson*, 210 F.3d 456, 457-58 (5th Cir. 2000). Thus, Sibrian-Cortez's first two points raise no constitutional claim.

Sibrian-Cortez also asserts that he had ineffective assistance of counsel because his lawyer did not seek a dismissal of the indictment which failed to allege *mens rea*. Violation of § 1326 is a general intent crime. There is no requirement that there be an allegation in the indictment of a specific intent to violate the statute. *United States v. Guzman-Ocampo*, 236 F.3d 233, 237 (5th Cir. 2000). This argument lacks any constitutional merit.

Finally, Sibrian-Cortez argues that 8 U.S.C. § 1326(b) is a separate crime, not a "sentencing factor." The United States Supreme Court has held that the enhanced sentencing provisions contained in § 1326(b) are only factors relevant to sentencing and do not constitute a separate element of the charged crime. *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

None of the issues raised by Sibrian-Cortez's indicate that he has been denied any of his constitutional rights.

IT IS **ORDERED** that Jose Sibrian-Cortez's petition for certificate of appealability be **DENIED**.

DONE in Brownsville, Texas, on this 3rd day of December , 2001.

Filemon B. Vela
United States District Court Judge